## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| ALLONHILL, LLC, | ) | Case No. 14-10663(KG) |
| | ) | |
| Reorganized Debtor. | ) | |
| _____ | ) | |
| ALLONHILL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 16-50419(KG) |
| | ) | |
| STEWART LENDER SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | **Re D.I. No. 25** |
| _____ | ) | |

### <u>MEMORANDUM ORDER</u>

On August 28, 2013, Allonhill, LLC ("Allonhill") and Stewart Lender Services, Inc. ("Stewart") entered into an Asset Purchase Agreement (the "APA"). The APA provided for Stewart's purchase of substantially all of the assets of Allonhill for $15 million in cash, the assumption of certain liabilities and an agreement to pay an "earnout" over three years if specified revenue amounts were met.

In March 2014, Aurora Bank, FSB, obtained a judgment against Allonhill in the amount of $25,845,329, plus prejudgment interest. On March 26, 2014, Allonhill filed for bankruptcy. The Court confirmed its Third Amended Plan of Reorganization on December 17, 2015, becoming effective on January 15, 2016.

Allonhill, the reorganized debtor, sued Stewart on the APA.  Allonhill amended its Complaint (the "Amended Complaint") and Stewart moved to dismiss Counts I, II, III, VI, VII and VIII of the Amended Complaint (the "Motion").  The subject counts seek, *inter alia*, the avoidance of alleged fraudulent transfers pursuant to Bankruptcy Code Sections 502(b), 541, 544(a)(1), (a)(2), (a)(3), (b)(1), 547(b), 548(a) and Colorado Revised Statutes Annotated (C.R.S.A.), Sections 38-8-105 and 106.  The parties presented carefully written briefs and thorough oral arguments in support of their positions.  At the conclusion of the argument, the Court told parties that it would deny the Motion and would set an early trial date.  The Court, without discussing all of the parties' arguments, will limit its Memorandum Order to that which is necessary to provide an early starting point for discovery and trial.

The Amended Complaint states facts which the Court accepts as true for purposes of the Motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  These facts provide the basis for the operative counts of the Amended Complaint.  This is particularly true since it is Rule 8, not Rule 9, of the Federal Rules of Civil Procedure which  governs.  Rule 8 requires merely "a short and plain statement" of the jurisdictional grounds and a "short and plain statement of the claims showing that the pleader is entitled to relief."

Accepting as true the facts alleged in the Amended Complaint, with a claim "plausible on its face," (*id.*) Allonhill has met the requirements to survive the Motion.  This is true even if proof of the facts is improbable and recovery is unlikely.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A motion to dismiss is not a decision on the merits, but a test of a complaint's sufficiency. *Walker v. The News Journal*, 2008 WL 766788 at *2 (D. Del.

2

March 24, 2008).

The Amended Complaint contains sufficient facts to raise questions about:

1.     Whether Stewart paid reasonably equivalent value for Allonhill's transfers. This question is not to be answered on a motion to dismiss.  *In re Glencoe Acquisition, Inc.*, 2015 WL 3777972 at *3 (Bankr. D. Del. June 16, 2015); *In re Charys Holding Co.*, 443 B.R. 628, 638 (Bankr. D. Del. 2010).

2.     Was Allonhill insolvent at the time of the transfer?[1]  The issue is not susceptible to answer on a motion to dismiss.  *Zazzali v. Mott* (*In re DBSI, Inc.*), 445 B.R. 344, 349 (Bankr. D. Del. 2011).

3.     Does the Amended Complaint state a claim for negligent misrepresentation? Although the Court is leaning in the direction of Stewart's arguments about a party failing to perform a promise to do something in the future, and the integration clause protecting Stewart, questions remain.  The effect of the Colorado Supreme Court's recent decision in *Van Rees v. Unleaded Software, Inc.*, 373 P. 3d 603, (2016) has raised questions which cannot be answered on a motion to dismiss.  Such questions are whether the economic loss rule is relevant, whether Stewart made a misrepresentation regarding their ability to provide services, and whether the integration and indemnity clauses argument survives.  While the Court is generally sensitive to Stewart's defense, the facts behind the integration and

---

[1]  The solvency issue, which is at the heart of the fraudulent transfer claims, remains uncertain.  The almost $26 million judgment which Aurora Bank, FSB, obtained against Allonhill was only recently reduced to $2 million by the Colorado Court of Appeals in a decision, dated October 6, 2016.  The outcome remains uncertain, as both parties have petitioned for rehearing and further appeal remains possible.  It is also unclear if the reduction of the award to $2 million will impact Allonhill's solvency situation.

indemnity clauses will need to be established.  More importantly, there remains a question if there was a misrepresentation.

　　　　For the foregoing reasons, the Court denies the Motion.  The Court will conduct trial on September 12-15, 2017.  SO ORDERED.

Dated: November 4, 2016　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　KEVIN GROSS, U.S.B.J.